UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

Avail 1 LLC,

                *Plaintiff*,

    -against-

Spiridon Varlas,

                *Defendant*,

John Doe "1" through "12", said persons
or parties having or claimed to have a
right, title, or interest in the
Mortgaged premises herein, their
respective names are presently unknown
to the Plaintiff,

                *Defendants.*

---------------------------------------X

**MEMORANDUM AND ORDER**

19-CV-1922(KAM)(CLP)

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiff Avail 1 LLC ("Plaintiff") seeks to foreclose on a
$425,000 consolidated mortgage secured by a property located at
149-44 20th Avenue, Whitestone, New York.  (ECF No. 1, Verified
Complaint, at ¶¶ 1, 10.)  Plaintiff names as defendant Spiridon
Varlas ("Defendant"), the mortgagor.[1]  (*Id.* at ¶ 4.)  This Court
has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The verified complaint included another defendant, Akbarali Himani, but
Plaintiff and Himani stipulated to a dismissal with prejudice.  (ECF No. 27,
Stipulation.)  Additionally, although the verified complaint includes as
defendants John Does 1-12 as tenants of the property, the John Does have not
been identified.

Presently before the Court is Plaintiff's motion for summary judgment.   (ECF No. 47.)   For the reasons set forth below, Plaintiff's motion for summary judgment is **GRANTED**.

<u>**BACKGROUND**</u>

The following facts are drawn from the parties' submissions in connection with this motion, including but not limited to Plaintiff's Rule 56.1 Statement of Facts and attached exhibits and Defendant's declarations and Rule 56.1 Statement.[2]   Upon consideration of a motion for summary judgment, the Court must construe the facts in the light most favorable to the non-moving party.   *See Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

The Court initially notes that although Defendant submitted a Rule 56.1 Statement, he did not submit a Counter Rule 56.1 Statement in compliance with Local Rule 56.1 and this Court's Chambers Practices.   At summary judgment, as the moving party, Plaintiff must establish in its Rule 56.1 Statement that there are no disputed issues of material fact and support its statements with admissible evidence; as the non-moving party, in his Counter Rule 56.1 Statement, Defendant must proffer factual statements supported by admissible evidence sufficient to raise genuine

---

[2] (*See* ECF No. 47-2, Plaintiff's Rule 56.1 Statement ("Pl. 56.1"); ECF No. 47-3, Fratangelo Affidavit ("Frantangelo Aff."); ECF No. 47-4, Declaration of Plaintiff's Counsel and exhibits attached thereto; ECF No. 48-1, Declaration of Defendant's Counsel; ECF No. 48-2, Defendant's Rule 56.1 Statement ("Def. 56.1"); ECF No. 48-3, Defendant's Affidavit ("Def. Aff.").)

disputes of material fact for trial.  And under Local Rule 56.1(b), "[t]he papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party."  The Second Circuit has emphasized that this requirement is mandatory.  *See Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) ("In the Southern and Eastern Districts of New York, a party opposing a motion for summary judgment *shall* file a short and concise statement of the material facts in dispute accompanied by citation to evidence which would be admissible.").

 This Court's Chambers Practices provide additional detail regarding Local Rule 56.1:

> [A] party's opposition to an opening 56.1 statement must quote, verbatim, the opening 56.1 statement, including all citations, and respond to the moving party's statements of fact immediately beneath each statement. If an opposing party chooses to include additional material facts alleged to be in dispute, they must do so in a separately titled but consecutively numbered section.

Chambers Practices of Judge Kiyo A. Matsumoto at 5-6.

Defendant's Rule 56.1 Statement, however, fails to comply with any of the above requirements.  Defendant does not address any statement in Plaintiff's Rule 56.1 Statement nor identify any dispute regarding the facts submitted in Plaintiff's Rule 56.1 Statement.  (*See* ECF No. 48-2, Def. 56.1; *see* ECF No. 47-2, Pl. 56.1.)  Defendant's Rule 56.1 submission instead includes nine

"statements of undisputed material facts," seven which cite to evidence submitted by Plaintiff, and many of which appear to be lightly edited versions of Plaintiff's 56.1 statements. (*See* ECF No. 48-2, Def. 56.1*; see* ECF No. 47-2, Pl. 56.1.)  Defendant, however, presents no disputed issues of material fact and no supporting admissible evidence to establish a material factual dispute requiring a trial.

Accordingly, in the Court's discretion, and based on a review of the undisputed evidence presented by Plaintiff in support of its motion,[3] the Court finds all facts in Plaintiff's Rule 56.1 Statement to be undisputed, as it is entitled to do pursuant to Local Rule 56.1(c) and governing Second Circuit law.  *See* Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *see also Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (deeming admitted all material facts contained in an unopposed Rule 56.1 statement); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to

---

[3] Defendant challenges the admissibility of Plaintiff's affidavit. (*See* ECF No. 48, Defendant's Memorandum of Law ("Def. Mem. of Law") at 3-5.)  The Court addresses Defendant's argument below.

comply with local court rules."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (collecting cases) (holding that "responses that do not point to any evidence in the record that may create a genuine issue of material fact do not function as denials, and will be deemed admissions of the stated fact." (alteration, citation, and internal quotation marks omitted)).

## I.  Factual Background

Unless otherwise noted, the following facts are undisputed, or the opposing party has not offered evidence in the record to dispute them.  On May 12, 2006, Defendant executed and delivered a Consolidated Note to Lyons Mortgage Services, Inc. ("Lyons Mortgage"), in the amount of $425,000, and a Consolidated Mortgage as security for the loan.  (ECF No. 47-2, Pl. 56.1 at ¶ 1; ECF No. 47-3, Frantangelo Aff. at ¶ 6.)  The Consolidated Mortgage was recorded as CRFN: 2006000312059 in the Office of the City Register of the City of New York on June 5, 2006.  (ECF No. 47-2, Pl. 56.1 at ¶ 1; ECF No. 47-3, Frantangelo Aff. at ¶ 7.)  On January 8, 2013, the assignment of the Consolidated Note and Consolidated Mortgage to Ponce de Leon Federal Bank was recorded as CRFN: 2013000007961.  (ECF No. 1-1, Exhibits A-D at 41, 46-47.)  On April 5, 2018, Ponce de Leon Federal Bank assigned the Consolidated Note and Mortgage to Plaintiff, recorded in the Office of the City Register of the City of New York as CRFN: 2018000139276.  (*Id.* at 43-47.)

Beginning on February 1, 2014, Defendant failed to make loan payments on the Consolidated Note.[4]   (ECF No. 47-3, Frantangelo Aff. at ¶¶ 10, 16.)   Defendant failed to pay subsequent loan payments, and has been, and is currently, in default.[5]   (*Id.*) On June 29, 2018, Plaintiff's counsel, on Plaintiff's instruction, mailed demand letters to Defendant.   (ECF No. 47-2, Pl. 56.1 at ¶ 3; ECF No. 1-1, Exhibits A-D at 49-52.)   Plaintiff's counsel also mailed a 90-Day Notice of Default to Defendant, pursuant to the requirements of NY RPAPL § 1304.   (ECF No. 47-2, Pl. 56.1 at ¶ 4; ECF No. 47-3, Frantangelo Aff. at ¶ 13.)

Plaintiff filed the instant complaint on April 3, 2019.   (ECF No. 1.)   Plaintiff was in physical possession and was the owner and holder of the Consolidated Note and Consolidated Mortgage when he filed the complaint.   (ECF No. 47-2, Pl. 56.1 at ¶ 7; ECF No. 47-3, Frantangelo Aff. at ¶ 9.)

## II.  Procedural History

On April 3, 2019, Plaintiff filed the instant verified complaint.   (ECF No. 1.)   Defendant filed a verified answer on May

---

[4] In Defendant's memorandum of law opposing Plaintiff's motion for summary judgment, Defendant argues that Plaintiff has not provided admissible evidence that Defendant defaulted.   (*See* ECF No. 48, Def. Mem. of Law, at 3-5.)   Defendant does not dispute Plaintiff's 56.1 Statement, however, which the Court accepts to be statements of undisputed facts.   The Court further addresses Defendant's argument concerning default below.

[5] *See* note 4, *supra*.

10, 2019, asserting nine affirmative defenses.[6]   (ECF No. 8,
Answer.)  Magistrate Judge Cheryl L. Pollak held a conference with
the parties on November 20, 2019, at which she ordered the parties
to complete discovery by January 28, 2020, if the parties did not
settle.  (11/20/2019 Minute Entry.)   After the parties informed
Magistrate Judge Pollak that they were unable to reach a settlement
agreement, Magistrate Judge Pollak ordered the parties to complete
discovery by February 7, 2020.   (ECF No. 22, Endorsed Letter
Order.)  The parties did not engage in discovery.  Plaintiff moved
for, and the Court held, a pre motion conference for Plaintiff's
anticipated motion for summary judgment.  (ECF Nos. 23-25;
07/21/2020 Minute Entry.)   The deadline for the fully briefed
motion was set for February 12, 2021.  (01/04/2021 Order.)

On December 28, 2020, then Governor Andrew Cuomo signed into
law the COVID-19 Emergency Eviction and Foreclosure Prevention Act
of 2020 ("the Act"), which stayed all residential real property
mortgage foreclosure actions through May 2021 for defendant-

---

[6] The nine defenses that Defendant asserts are (1) Plaintiff lacks standing
because it did not establish its ownership interest in the underlying Notes;
(2) Plaintiff lacks standing because it did not establish its ownership interest
in the Consolidated Note; (3) Plaintiff lacks standing because it did not
establish its interest in the underlying Mortgages; (4) Plaintiff lacks standing
because it did not establish its interest the Consolidation Mortgage; (5)
Plaintiff failed to comply with NY RPAPL § 1304; (6) Plaintiff failed to comply
with NY RPAPL § 1306; (7) Plaintiff failed to comply with the contractual terms
of the Consolidated Mortgage; (8) Plaintiff failed to produce documents
establishing the veracity of Defendant's signature on the alleged loan
documents; (9) Plaintiff's complaint failed to state a claim upon which relief
can be granted; (10) Plaintiff has not experienced a financial loss or injury
and should not receive money damages.  (ECF No. 8, Verified Answer, ¶¶ 25-63.)

mortgagors who reported financial hardship due to the COVID-19 pandemic. (ECF No. 22, Letter); 2020 N.Y. Sess. Laws Ch. 381 (McKinney). After Defendant filed a hardship declaration, the Court stayed this action until the Act expired on January 15, 2022. (ECF Nos. 36, 40.) Plaintiff moved for summary judgment, and the motion was fully briefed on September 21, 2022. (ECF Nos. 47-49.) Plaintiff moves for the Court to (1) grant summary judgment to Plaintiff and (2) strike Defendant's affirmative defenses.[7] (ECF No. 47, Plaintiff's Notice of Motion.)

## LEGAL STANDARD

Summary judgment is appropriate when a movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding the motion, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the

---

[7] Plaintiff's notice of motion states that Plaintiff moves to strike Defendant's answer and affirmative defenses. (ECF No. 47, Plaintiff's Notice of Motion.) Plaintiff's memorandum of law, however, argues only that the Court should strike Defendant's affirmative defenses. (ECF No. 47-1, Plaintiff's Memorandum of Law ("Pl. Mem. of Law") at 7-17.) Accordingly, the Court will consider the motion to strike only as to Defendant's affirmative defenses.

non-moving party. *See Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010).

When bringing a motion for summary judgment, the movant carries the burden of demonstrating the absence of any disputed issues of material fact and entitlement to judgment as a matter of law. *Rojas*, 660 F.3d at 104. The movant must point to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It may also indicate the absence of a factual dispute by "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). Put another way, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met its burden, the nonmoving party "must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex Corp.*, 477 U.S. at 322-23). The non-movant cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits

supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted); *see also D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) ("The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."). In deciding a motion for summary judgment, the Court is not to weigh evidence, assess the credibility of witnesses, or resolve issues of fact. *United States v. Rem*, 38 F.3d 634, 644 (2d Cir. 1994) (citations omitted).

## DISCUSSION

### A. Motion to Strike Affirmative Defenses

Plaintiff moves to strike Defendant's affirmative defenses because "none of these claims have legal merit." (ECF No. 47-1, Pl. Mem. of Law at 8.) "An affirmative defense is a defense that will defeat the plaintiff's claim, even if all allegations in the complaint are true, rather than an attack on the truth of the allegations, or a rebuttal of a necessary element of the claim." *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 7 F.4th 50, 63 (2d Cir. 2021) (internal quotation marks, citation, and alterations omitted). The Second Circuit has held that:

> Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense - on which the defendant bears the burden of proof at trial - a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of

> evidence to support an essential element of the non-moving party's case.  While whatever evidence *there is* to support an essential element of an affirmative defense will be construed in a light most favorable to the non-moving defendant, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim.

*Fed. Deposit Ins. Corp. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (internal citations and quotation marks omitted).  The Second Circuit explained that "in cases where there is an absence of evidence to support an essential element of a defense," there can be no genuine dispute of material fact regarding that defense, "since a complete failure of proof concerning an essential element of the defendant's affirmative defense necessarily renders all other facts immaterial."  *Id.* at 54-55 (alterations, internal quotation marks and citation omitted).

Here, Defendant presents no evidence other than his verified answer to support the nine affirmative defenses asserted. Generally, a verified answer "may be treated as an affidavit and used in the action in any way in which an affidavit would be suitable, including as evidence on a motion for summary judgment." *Bank of Am., N.A. v. Vanderbilt Trading USA LLC*, No. 17-cv-7167 (RER), 2019 WL 8807747, at *4 (E.D.N.Y. Sept. 9, 2019) (internal quotation marks and citations omitted).  A verified answer, however, must contain specific factual allegations in order to suffice as evidence supporting an affirmative defense on a motion

11

for summary judgment. *Signature Fin. LLC v. Neighbors Glob. Holdings, LLC*, No. 17-cv-6089, 2018 WL 2138624, at *5 (S.D.N.Y. May 9, 2018) (reviewing verified answer and finding that defendants did not "support their affirmative defenses with any specific factual allegations" on a motion for summary judgment"); *see also Vanderbilt Trading USA*, 2019 WL 8807747 at *5 (finding that, although defendant submitted a verified answer, the affirmative defenses "must be supported by specific facts to raise a genuine dispute of fact").

Defendant's First, Second, Third, and Fourth affirmative defenses challenge Plaintiff's standing to bring the instant action. (ECF No. 8, Verified Answer, at ¶¶ 25-40.) Defendant's allegations, however, constitute legal conclusions, such as:

> The documentation offered by Plaintiff is inaccurate, invalid, and did not transfer ownership interest to the Plaintiff in all the underlying notes.

> The documents presented by Plaintiff evidencing Plaintiff's interest in the referenced Consolidation Notes do not establish as a matter of law that interest in said Note was owned by Plaintiff prior to the commencement of this action.

> Documents offered by Plaintiffs are a clear indication of Plaintiffs' lack of interest in the Consolidation Mortgage as no legal and valid transfer was made to Plaintiff prior to the commencement of this action.

(*Id.* at ¶¶ 27, 31, 39.)

Defendant's other affirmative defenses fare no better. Defendant's Fifth and Sixth affirmative defenses allege that

12

Plaintiff failed to comply with NY RPAPL § 1304 and § 1306. (*Id.* at ¶¶ 41-46.) Regarding § 1304, Defendant conclusorily alleges that "Plaintiff failed to strictly comply with all its statutory obligations" under the statute, but provides no additional or specific allegations as to how Plaintiff failed to comply. (*Id.* at ¶ 43.) As for § 1306, Defendant alleges that the statute requires "a statement confirming that [Plaintiff] had mailed the 90 day [sic] pre-Foreclosure Notice [required by § 1304] . . . with the Superintendent of New York State Department of Finance within three days of the mailing of the 90 day Notice requirement." (*Id.* at ¶ 45.) Defendant alleges that Plaintiff failed to meet this obligation because "no documentation has been offered to establish compliance." (*Id.* at ¶ 46.) Plaintiff, however, attached a copy of its § 1306 filing with the Superintendent of New York State Department of Finance to the verified complaint. (ECF No. 1-1, Exs. A-D, at 57.)

Defendant's Seventh and Eighth affirmative defenses are equally conclusory, unsupported, or meritless. Defendant's Seventh affirmative defense alleges that Plaintiff failed to provide a notice of default in compliance with the terms of the Consolidated Mortgage, but does not allege what those terms are. (ECF No. 8, Verified Answer, at ¶¶ 47-50.) For the Eighth affirmative defense, Defendant requests that the original loan documents "should be made available to the court for inspection."

13

(*Id.* at ¶¶ 51-54.) A request for discovery, however, is not an affirmative defense. *See Utica Mut. Ins*, 7 F.4th at 63. Further, the parties were ordered to complete discovery by February 7, 2020, but did not engage in any discovery. (ECF No. 22, Endorsed Letter Order; ECF Nos. 23-25; 07/21/2020 Minute Entry.)

Finally, neither the Ninth nor Tenth affirmative defenses present valid defenses. Defendant's Ninth affirmative defense alleges that Plaintiff cannot prove a key element of its claim, e.g., that Defendant defaulted, which does not suffice as an affirmative defense. (ECF No. 8, Verified Answer, at ¶¶ 55-58.); *see Utica Mut. Ins.*, 7 F.4th at 63 (finding "no affirmative defense" where defendant "had merely asserted that the plaintiff cannot prove a necessary element of its claim"). Defendant's Tenth affirmative defense — which states that Plaintiff has not paid money in insurance premiums or attorney's fees but has paid "pursuant to contractual agreements by third parties" — provides no specific factual allegation as to what contract or third party involvement allegedly prohibits Plaintiff from recovering in this foreclosure action. (*Id.* at ¶¶ 59-63.)

Accordingly, Plaintiff's motion to strike Defendant's affirmative defenses from the verified answer is granted.

## B. Motion for Summary Judgment

"Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the note and mortgage are

produced to the Court along with proof that the mortgagor has failed to make payments due under the note." *Builders Bank v. Warburton River View Condo LLC*, No. 9-cv-5484, 2011 WL 6370064, at *2 (S.D.N.Y. Dec. 20, 2011) (citation omitted); *FGH Realty Credit Corp. v. VRD Realty, Corp.*, 647 N.Y.S. 2d 229, 230 (N.Y. App. Div. 2d Dep't 1996) (same).

Here, Plaintiff has provided the Court with a copy of the Consolidated Note and Consolidated Mortgage. (ECF No. 1-1, Exhibits A-D; ECF No. 4, Affidavit of Certificate of Merit pursuant to NY CPLR 3012-b, at 3-45.) Defendant admits to executing both instruments. (ECF No. 48-3, Def. Aff. at ¶ 2.) Plaintiff also has provided evidence of default via an affidavit from James Fratangelo, the sole member of Avail Holding LLC, which itself is the sole member and manager of Plaintiff. (ECF No. 47-3, Fratangelo Aff. at ¶¶ 1, 10). Fratangelo stated in his affidavit that Plaintiff "fail[ed] to tender the [loan] installment which became due and payable on February 1, 2014," as well as subsequent payments, and that the default "continues to date." (*Id.*)

Defendant argues that Plaintiff failed to establish his default on the Consolidated Note and Consolidated Mortgage. (ECF No. 48, Def. Mem. of Law at 3.) He asserts that the only evidence in support of Plaintiff's allegation of default is Fratangelo's affidavit. (*Id.*) Defendant contends that Fratangelo's affidavit is not based on personal knowledge, but instead is based on a

review of Plaintiff's business records. (*Id.* at 4.) Because Plaintiff did not also submit Plaintiff's underlying business records – nor lay the foundation for admissibility of those business records – Defendant argues that Fratangelo's affidavit is inadmissible hearsay and fails to establish Defendant's default. (*Id.* at 4-5).

The Court respectfully disagrees with Defendant. Federal Rule of Civil Procedure 56(c) requires a party moving for summary judgment to submit supporting affidavits or declarations based on "personal knowledge." Fed. R. Civ. P 56(c). Nevertheless, affiants "may also testify to the contents of records they have reviewed in their official capacities." *Fletcher v. Standard Fire Ins. Co.*, 80 F. Supp. 3d 386, 394 (E.D.N.Y. 2015); *see also Searles v. First Fortis Life Ins. Co.*, 98 F.Supp.2d 456, 461 (S.D.N.Y. 2000) ("The affiant's position with the defendant qualified her to review the relevant business materials in an official capacity and make sworn statements based upon those materials. The court finds that the affiant had personal knowledge of the facts about which she testified." (internal quotation marks, citation, and alterations omitted)); *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, No. 04-cv-2293(JFB)(SMG), 2007 WL 74304, at *2 (E.D.N.Y. Jan. 8, 2007) ("Moreover, as an officer of [Plaintiff], Chan may offer evidence in his declaration based on personal knowledge obtained from a review of his company's

records."). Although Fratangelo did not explicitly state that he was testifying in his "official capacity," he signed his affidavit as the "Manager/Member" of Plaintiff, via Avail Holding LLC, and is its sole member. *See Giallanzo v. City of New York*, 630 F. Supp. 3d 439 (S.D.N.Y. 2022) (finding that an agency director's position allowed him to testify in an official capacity — including relying on the agency's records — even if the declaration "was far from a model of precision and care"). Fratangelo testified that he was the sole member of Avail Holding LLC, the sole member and manager of Plaintiff, and that he had personal knowledge based on his review of Plaintiff's records. (ECF No. 47-3, Fratangelo Aff. at ¶ 1.) The Court finds that Fratangelo's affidavit is admissible under Federal Rule of Civil Procedure 56(c) to establish Defendant's default.[8] *See Gustavia Home, LLC v. Cudjoe*, No. 16-cv-3992(DLI)(CLP), 2019 WL 13171159, at *1 (E.D.N.Y. Dec. 11, 2019), *report and recommendation adopted*, Mar. 4, 2020 Order (establishing damages in foreclosure action based on affidavit

---

[8] In Defendant's memorandum of law, he asserts that under New York law, an affidavit that is based on a review of business records requires the production of the underlying records to be admissible for summary judgment. (ECF No. 48 at 4 (citing *Bank of N.Y. Mellon v. Gordon*, 177 AD3d 197 (2nd Dep't 2019); *JPMorgan Chase Bank, N.A. v. Akanda*, 177 AD3d 718 (2nd Dep't 2019))). When a court has diversity jurisdiction over a state claim and federal and state law conflict, federal courts apply federal procedural law and state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("[U]nder the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Because the purported conflict in the instant action stems from Federal Rule of Civil Procedure 56, a federal procedural rule, the Court applies federal law. *See All Am. Tel. Co. V. AT&T Corp.*, 328 F. Supp. 3d 354 (S.D.N.Y. 2018) ("[T]he summary judgment standard is procedural, and there is a federal procedural rule on point—i.e., Rule 56.").

executed by a member of Plaintiff, an LLC, in which the member testified to reviewing Plaintiff's business records).

Accordingly, the Court finds, based on admissible evidence, that Plaintiff has established its *prima facie* case for foreclosure by presenting the note, mortgage and proof of default. "Where the mortgage holder establishes the basic elements of a cause of action for foreclosure, the mortgage holder is entitled to a presumptive right to collect, which can only be overcome by an *affirmative showing* from the defendant." *E. Sav. Bank, FSB v. Ferro*, No. 13-cv-5882 (SJF) (GRB), 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015) (citation and alteration omitted) (emphasis added); *see also see United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991); *State Bank of Albany v. Fioravanti*, 435 N.Y.S.2d 947, 951 (1980) ("[T]o defend against a summary judgment motion in a foreclosure action it is incumbent upon the real property owner . . . to produce evidentiary proof in admissible form . . . mere conclusions, expressions of hope, unsubstantiated allegations or assertions are insufficient." (internal quotation marks and citations omitted)).

Although Defendant denies the alleged default in his answer, he did not dispute the factual statement regarding his default in Plaintiff's Rule 56.1 Statement and his memorandum of law challenges only the admissibility of evidence regarding default. (*See* ECF No. 8, Verified Answer; ECF No.48, Def. Mem. of Law at 3-

5.)  As discussed above, however, Defendant has not submitted any evidence in support of his denial of default or establishing a record of payments.  Defendant's affidavit states that he "do[es] not believe [he has] been in default since February 2009," but this is not sufficient to establish a direct dispute to Plaintiff's assertion that Defendant has been in default since February 2014, nor does Defendant's affidavit directly state that Defendant is not currently in default.  (ECF No. 48-3, Def. Aff. at ¶ 4.)

Defendant also testifies in his affidavit that there have been "issues" with "getting to see the records showing [his] payments."  (*Id.*)  In opposing a summary judgment motion based on an insufficient opportunity to conduct discovery, "a litigant is required to submit an affidavit that includes: [(1)] the nature of the uncompleted discovery; [(2)] how the facts sought are reasonably expected to create a genuine issue of material fact; [(3)] what efforts the affiant has made to obtain those facts; and [(4)] why those efforts were unsuccessful." *Hoffmann v. Airquip Heating & Air Conditioning*, No. 11-cv-790, 2012 WL 1674294, at *1 (2d Cir. May 15, 2012) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)).  Therefore, "[a] bare assertion that evidence to support a fanciful allegation lies within the exclusive control of defendants, and can be obtained only through discovery, is not sufficient to defeat a motion for summary

19

judgment." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 251 (2d Cir. 1985).

Defendant does not specify what efforts he has made to obtain records of his payments, nor "why those efforts were unsuccessful." *Hoffmann*, 2012 WL 1674294, at *1 (citation and internal quotation marks omitted). He also does not establish whether the information regarding his payments "lies within the exclusive control" of Plaintiff. *Eastway Constr. Corp.*, 762 F.3d at 251. Further, Defendant should have access to certain documents – such as his cancelled checks or bank statements – to reflect the payments that he purportedly made to satisfy his monthly payment obligations, but he does not provide any such evidence or explain why he is unable to do so. *See Resolution Trust Corp. v. 53 West 72nd Street Realty Assocs.*, No. 91-cv-3299 (LMM), 1992 WL 183741, at *2 (S.D.N.Y. July 22, 1992) (finding mortgagors failed to contradict plaintiffs' evidence of default in foreclosure action where mortgagors "provide[d] no evidence to refute plaintiffs' claim . . . even though documents which would readily demonstrate payments — cancelled checks and bank statements — would normally be in their possession had such payments occurred").

Finally, Defendant argues that Plaintiff failed to comply with the requirements of NY RPAPL § 1304 when it mailed Defendant a notice of default on the Consolidated Note and Consolidated Mortgage. (ECF No. 48 at 6.) The statute provides that notice of

default shall be given by a "lender, assignee or mortgage loan servicer." NY RPAPL § 1304. Defendant asserts that because Plaintiff's *counsel* mailed the notice of default — and because Plaintiff's counsel is not a "lender, assignee or mortgage loan servicer" — Plaintiff failed to comply with the statute and summary judgment must be denied. (ECF No. 48 at 6.)

The Court declines to address whether the Court would be required to deny summary judgment because of a procedurally faulty notice of default where, as here, a plaintiff satisfied the *prima facie* burden for a foreclosure action and a defendant testified to receiving actual notice. Regardless, New York courts have found that the notice requirement of RPAPL § 1304 is satisfied where a lender's counsel serves notice. *See, e.g.*, *United Nations Fed. Credit Union v. Diarra*, 149 N.Y.S.3d 12 (2021) ("Plaintiff established a presumption that it properly served defendant with the requisite RPAPL 1304 notice through the affidavit of service from its counsel's employee, who averred that she served a true copy of the notice by first-class mail and certified mail."). Defendant's argument is meritless.

Accordingly, because the Court finds that Defendant has not raised any genuine issue of material fact or legal defense to defend against Plaintiff's motion for summary judgment, the Court grants summary judgment to Plaintiff and orders foreclosure and sale of the Property.

## C. Amounts Due Under the Note and Mortgage

In addition to a judgment of foreclosure and sale, Plaintiff seeks to recover the unpaid principal amount due under the Consolidated Note and Mortgage, and all interest, late charges, and expenses of a foreclosure sale. (ECF No. 1 at 7-8.) In addition, Plaintiff seeks attorneys' fees and costs. (*Id.* at 9.)

Upon a finding of liability, courts must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (quoting *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). "[T]he court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

Upon review of the documents submitted in support of Plaintiff's motion for summary judgment, the Court finds that Plaintiff has provided insufficient information to support Plaintiff's request for other amounts due under the Consolidated Note and Consolidated Mortgage. The Court also finds an inadequate factual basis for an award of attorneys' fees and costs because Plaintiff submitted no contemporaneous time records or declarations regarding counsels' qualifications and experience, and no documentation of costs incurred during the course of this litigation. Plaintiff concedes as much. (ECF No. 47-1, Pl. Mem.

of Law ("Plaintiff concedes that these amounts are subject to verification and a final accounting by the Court and/or a court-appointed referee.").)   Accordingly, Plaintiff shall submit a proposed Order Appointing a Receiver by July 20, 2023.  Plaintiff shall also submit, by July 20, 2023, a letter informing the Court as to a proposed timeline for the foreclosure and sale and full accounting of the amount due and outstanding under the Consolidated Note and Consolidated Mortgage.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion to strike Defendant's affirmative defenses is **granted** and Plaintiff's motion for summary judgment as to Plaintiff's entitlement to a foreclosure and sale is **granted.**  By July 20, 2023, Plaintiff shall submit (1) a proposed Order Appointing a Receiver; and (2) a letter informing the Court as to a proposed timeline for the foreclosure and sale and full accounting of the amount due and outstanding under the Consolidated Note and Consolidated Mortgage.

**SO ORDERED**

Dated:    July 6, 2023
          Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York